444 F.2d 1329
 UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Benjamin PERKINS and John Henry Mays, Defendants-Appellants.
No. 28023 Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 July 7, 1971, As Corrected Aug. 6, 1971.
 
 Paul W. Anderson, Marshall, Tex., for Mays.
 Richard F. Smith, Dallas, Tex. (Court appointed), for appellant Perkins.
 Phillip Benjamin Perkins, pro se.
 Richard Brooks Hardee, U.S. Atty., James F. Parker, Jr., Asst. U.S. Atty., Tyler, Tex., for plaintiff-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 
 GODBOLD Circuit Judge:
 
 1
 This is an appeal by codefendants Perkins and Mays from conviction on charges of using the mails to defraud. The use of the mails was an essential part of a confidence game known as 'three card monte.'
 
 
 2
 By opinion of February 9, 1970 we directed sua sponte that counsel be appointed for Perkins by this court, and we temporarily remanded to the District Court with direction that counsel so appointed file in that court pleadings setting out with specificity all issues which Perkins asserts and that the District Court conduct an evidentiary hearing and make findings of fact and enter conclusions of law and certify the record thereof to this court for consideration along with the record already before us.[1] Pending these procedures the appeal of Mays was held in abeyance.
 
 
 3
 This Court appointed Richard F. Smith, Esq. of Dallas, Texas, and he represented Perkins in the mandated District Court proceedings. The record thereof has been filed with us, and Mr. Smith has filed briefs with us on Perkins' behalf on the record as supplemented.
 
 
 4
 On the limited remand Perkins raised the following contentions:
 
 
 5
 (1) That he was arrested without warrant by a postal inspector not authorized to make arrests;
 
 
 6
 (2) That he was detained and interrogated by state authorities without counsel though requested by him, and information thereby secured from him was used against him at trial.
 
 
 7
 (3) That he was detained and interrogated by federal officers without being taken before a magistrate and interrogated without proper warnings and without counsel though requested by him, and information thereby secured from him was used against him at trial.
 
 
 8
 (4) He was not granted sufficient time to retain counsel of his own choosing.
 
 
 9
 (5) He was not granted sufficient time to prepare his defense between arraignment and trial. Implicit in these contentions is another, that appointed counsel at the trial was given inadequate time to prepare between his appointment on April 21, 1969 and trial two days later.
 
 
 10
 After a full evidentiary hearing, with testimony from Perkins and from his appointive trial counsel and the prosecutor, the District Judge entered findings that dispose fully of the contentions concerning desire to retain counsel, time between arraignment and trial for Perkins to prepare his defense, and insufficiency of time for trial counsel to prepare, all of them being found to be without merit, and all these findings are fully supported by the record.
 
 
 11
 With respect to the last named issue, we noted in our earlier opinion that trial counsel was appointed April 21, 1969, and a jury selected that day, and the case tried two days later on April 23, 1969. From the evidence developed on remand, it appeared that Perkins' counsel, an experienced attorney, conferred with him on April 21, and again on April 22, and Perkins could suggest no names of defense witnesses and no defense other than his own word against that of the complaining witness. Mays was represented by retained counsel, who conferred at length with Perkins' counsel about the facts of the case, and the two did research on the law together. Perkins' counsel spent most of April 22 in trial preparation and legal research on the case. He filed a motion for continuance. Delay of the trial would have caused Perkins to be confined, because he had defaulted on his bond by failing to appear for arraignment when scheduled. Counsel withdrew the motion after conferring with Perkins, who decided himself that he should not take the stand. This evidence adequately supports rejection of the implied contention that trial counsel was ineffective by reason of insufficiency of time to prepare for trial.
 
 
 12
 As to contentions (1), (2) and (3), the District Court correctly concluded that, on the record before him, there had been no violations of Perkins rights as claimed. Perkins offered no evidence to support any of these contentions, and as to several of them the record contained evidence to the contrary.
 
 
 13
 Therefore, as to the contentions raised on the limited remand, the District Court is in all respects affirmed.
 
 
 14
 On the merits of the appeals of both Perkins and Mays, there was no error in admitting testimony of like gambling transactions in which others had been bilked by defendants using the same card game, limited to the issue of intent, even though neither defendant had been convicted of any criminal violation for the other transactions. Weiss v. United States, 122 F.2d 675, 687 (5th Cir. 1941). Neither defendant showed that he had standing to object to seizure of a letter from the mails that was shown to be part of the scheme.
 
 
 15
 The indictment sufficiently charged the offense as to the elements of the crime, and was adequate to support a plea of double jeopardy. All the other defenses raised on appeal are without merit and require no discussion.
 
 
 16
 The convictions, and the post trial findings of the District Court on remand as to Appellant Perkins, are affirmed.
 
 
 
 [1]
 The reasons for this unusual procedure appear in our earlier opinion